No. 24-1409

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

UNITED STATES,

Appellee vs.

SIXTO JORGE DIAZ-COLON

Defendant- Appellant

## MOTION TO EXPEDITE REQUEST FOR BAIL ON APPEAL AND FINAL DISPOSITION OF APPEAL ON ITS MERITS

### I. INTRODUCTION

**HEREIN** appears Appellant, **Sixto Jorge Diaz-Colon**, (hereinafter "Diaz-Colon"), through his Court appointed counsel and most respectfully requests pursuant to Rules 2 and 27 of the Federal Rules of Appellate Procedure, that it expedite the decision to grant bail on appeal and dispose of the appeal as soon as possible, but not later than August 2024, because, as the law controlling the issues on appeal demonstrates, the prejudice that will result if Diaz-Colon is allowed to serve the remainder of his sentence under a conviction of an innocent man, obtained in violation of his constitutional

1

rights, will render the judgment moot and Appellant will suffer irreparable harm in the form of lost liberty.

## II. GROUNDS FOR THE REQUESTED RELIEF

**A. WHETHER THIS COURT SHOULD EXPEDITE THE BAIL ON APPEAL MOTION AND DECIDE THE APPEAL ON ITS MERITS NOT LATER THAN AUGUST 2024.**

As required by Rule 27(a) for all motions, an Appellant may file a motion to expedite. The ultimate disposition of the motion is within the discretion of the panel. The grounds for expedition should be clearly stated in any motion for expedition. Rule 2, by contrast, allows for the suspension of the rules, whereby an appellate court, on its own motion or on the motion of a party, may expedite its decision, or for other good cause shown, suspend any provision of these rules in a particular case and order proceedings as it may direct, except as otherwise provided in Rule 26(b).

In this Circuit, the Court extends this opportunity and urges appellate counsel to inform the Court early in the appellate process in appropriate cases, where counsel has identified potentially serious trial constitutional errors which could affect the jury's verdict and the Court's judgment, whose sentence is likely to be served prior to the completion of the appellate process. Under these circumstances a motion to expedite briefing and consideration is not unwelcome. See United States v. Rondón-García, 886 F.3d 14, 21 (1st Cir. 2018) (footnote 4, citing Burns v. United States, 501 U.S. 129, 154 n.7, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991) (Souter, J.,

dissenting) (noting appellate difficulties for defendants serving modest sentences following erroneous legal decisions)).

Appellant submits that, for the reasons set forth below, this Court should expedite the decision and disposition of his appellate brief, and as early as August 2024, and immediately grant bail pending disposition of the appeal process.

**B. WHETHER DEFENDANT'S LEGAL CLAIMS MERIT BAIL WHILE THIS APPEAL IS FULLY PROCESSED.**

    **1. DEFENDANT'S BRIEF SUMMARY ARGUMENT.**

        **a) Court's Denial of Rule 29 Motion for Judgment of Acquittal**

        **1) Legal Standards**:

            **i. Due Process Clause**: Protects the accused from conviction unless proven guilty beyond a reasonable doubt (In re Winship).

            **ii. Evidence Requirements**: A conviction cannot stand if the record is devoid of relevant evidence substantiating a crucial element (<u>Harris v. U.S</u>.).

        **2) Standard of Review**:

            **i. Sufficiency of Evidence**: Appellate review must ensure evidence is sufficient to avoid "factual error" in convictions (<u>In re Winship; United States v. Ortiz</u>).

            **ii. Rule 29 Motion**: Reviewed de novo; the evidence must support that the Government proved all elements of the charges beyond a reasonable doubt.

3) **Arguments on Legal Discussion**:

   i. **Insufficient Evidence**: The Government failed to prove beyond a reasonable doubt every element in charges of aiding and abetting, attempted extortion, and other allegations.

b) **Government's Misconduct and Violation of Due Process**

   1) **Legal Standards**:

      i. **Fifth Amendment**: Protects against deprivation of life, liberty, or property without due process.

      ii. **False Testimony**: Any conviction obtained through knowingly presented false testimony violates due process (Napue v. Illinois).

   2) **Arguments on Misconduct**:

      i. The Government committed misconduct by suppressing exculpatory evidence and presenting perjured testimony, warranted dismissal of the indictment under Brady principles and Napue v. Illinois.

      ii. Prosecutorial Misconduct: Manipulating and presenting perjured testimony during the grand jury and at trial compromised Diaz-Colon's constitutional fair trial rights.

   3) **Sixth Amendment Violation Through Denial of Right to Confront Accusers.**

   a. **Legal Standards**:

      i. **Sixth Amendment**: Guarantees the accused's right to confront witnesses against them.

      ii. **Evidentiary Rules**: Courts have broad latitude but must not deprive defendants of presenting a material and favorable defense.

   b. **Arguments on Denial to Confront**:

     i. Evidence on transactions, conversations, and recordings relevant to the defense was improperly excluded.

     ii. The Court's refusal to admit consensual recordings and cross-examine key witnesses infringed upon Diaz-Colon's confrontation rights.

**4) Variance Between Charges and Trial Evidence**

   a. **Legal Standards**:

     i. **Fifth Amendment**: Charges must clearly inform the defendant to prepare a defense and prevent surprise.

     ii. **Amendment of Indictment**: Occurs when the proof at trial materially varies from the charges, necessitating reversal if it affects the defendant's rights (<u>Berger v. U.S.</u>).

**5) Arguments on Variance**:

   i. The variance between the indictment's charges and the trial evidence regarding beneficiary of the extortion prejudiced Diaz-Colon.

   ii. The government presented evidence unrelated to the charges alleged in the indictment, leading to an unjust conviction.

**6) Jury Instructions and Erroneous Legal Guidance.**

   a. **Legal Standards**:

     i. **Fair Notice**: Jury instructions must clearly state applicable law.

     ii. **Specific Instructions**: Should not mislead about the requirement for elements of the charge (e.g., "wrongful threat" in Hobbs Act cases).

    b. **Arguments on Jury Instructions**:

        **i.** The instructions should have included distinctions about non-transferability of contracts and specific requirements of aiding and abetting.

        **ii.** Instructions did not resolve duplicity concerns inherent in the indictment, leading to potential juror confusion and prejudice.

**Conclusion**:

The Court should set aside the conviction due to insufficient evidence, prosecutorial misconduct, violation of the Sixth Amendment rights, significant variance between indictment and evidence, and erroneous jury instructions. Alternatively, a new trial should be granted due to errors impacting substantial rights and trial fairness.

    **2. GOVERNMENT'S BRIEF SUMMARY ARGUMENT.**

    **a) Sufficiency of Evidence:**

        **1)** The trial evidence supports Diaz-Colon's convictions on all counts.

        **2)** The Appellant's arguments challenging the sufficiency of the evidence on each element of every count are inconsistent with the applicable standard of review.

        **3)** The failure to address every element in the appellant's brief results in those challenges being considered waived.

        **4)** The applicable standard of review requires deference to the jury's

factual findings and credibility determinations, overturning a verdict only where no rational jury could have found the defendant guilty beyond a reasonable doubt.

**b)** **Admission of Evidence by the District Court:**

**1)** The district court properly admitted evidence supporting the charges against Diaz-Colon.

**2)** The admission of key evidence adhered to the Federal Rules of Evidence and relevant case law.

**3)** Evidence related to Diaz-Colon's threats, communications, and deletion of messages was appropriately admitted and established the elements of the charged offenses.

**4)** The court's rulings regarding evidence ensured that the jury was properly informed and able to render a fair verdict.

**c)** **Cross-Examination Limits:**

**1)** The district court's limits on cross-examination were reasonable and did not violate Diaz-Colon's Sixth Amendment rights.

**2)** The restrictions prevented irrelevant, harassing, or repetitive questioning, ensuring effective and efficient trial management.

**3)** The defense was able to adequately challenge witness credibility and question key witnesses within the constraints set by the court.

**4)** Concerns about potential prejudices or confusion due to detailed inquiries that were marginally relevant justified the court's decisions.

- d) **Prosecutorial Conduct:**

    1) Claims of prosecutorial misconduct, including allegations of suborning perjury and Brady violations, were found unsubstantiated.

    2) The government did not knowingly use false evidence, nor did it fail to correct false testimony.

    3) The government complied with Brady obligations, providing the defense with the Musa recording well before trial.

    4) Allegations of false testimony regarding materiality and suppression were rendered immaterial by the substantial evidence supporting the guilty verdict.

- e) **Jury Instructions:**

    1) The district court's jury instructions on the legal standards for each count, including substantial step and aiding and abetting, were correct.

    2) Instructions were provided on the definition of extortion, including the requirement of wrongful use of fear and knowledge of lack of legal entitlement to the property.

    3) The court properly instructed the jury on the alternative theories of liability for both principal and aiding and abetting, without a need for explicit specific unanimity instruction.

    4) The omission of "wrongfulness" in the definition of a threat for Count Two was not prejudicial, given the overwhelming evidence and the context of the instructions provided.

    5) The instructions overall were comprehensive, legally sound, and ensured a fair evaluation by the jury.

**Conclusion:**

1) Arguments raised by the Appellant lack substantive merit and fail to demonstrate reversible error.

2) The district court's decisions and instructions were consistent with legal standards and ensured the integrity of the trial.

3) Substantial evidence presented at trial supported the jury's verdict on all counts of attempted extortion, interstate communication of a threat, and destruction of records.

4) Therefore, the convictions should be upheld, validating the legal process and reinforcing the adherence to justice and due process.

## 3. DEFENDANT'S REPLY BRIEF SUMMARY ARGUMENT.

a) **Legal Standard**

1) The review standard for sufficiency of the evidence claims is de novo, viewing evidence favorably to the jury's verdict.

2) A conviction stands if no rational jury could find guilt beyond a reasonable doubt, requiring concrete evidence to support each offense element.

3) See United States v. Kanodia, 943 F.3d 499, 505 (1st Cir. 2019) and United States v. McPhail, 831 F.3d 1, 5 (1st Cir. 2016).

4) The Government excessively defers to the jury's verdict without adequately addressing evidence insufficiency.

5) Reliance on witness credibility doesn't replace concrete evidence as substantiated by United States v. Hatch, 434 F.3d 1, 4 (1st Cir. 2006).

b) **Sufficiency of the Evidence**.

1) **Count One: Failed Proof of Diaz-Colon's Extortion Attempt.**

   a. Insufficient Substantial Step Evidence.

      i. Convictions require concrete steps towards crime commitment, not just preparation.
      ii. The evidence (messages and meetings) does not unambiguously indicate criminal intent to extort.
      iii. The Government misapplies the "substantial step" standard from <u>United States v. Turner</u>, 501 F.3d 59, 68 (1st Cir. 2007).
      iv. Fear induced in Maceira doesn't meet the Hobbs Act requirement without clear fear leverage.
      v. Comparatively, <u>United States v. Joyce</u>, 693 F.2d 838, 841 (8th Cir. 1982) and <u>United States v. Monholland,</u> 607 F.2d 1311, 1317-18 (10th Cir. 1979) show mere interaction fails to meet substantial steps without direct action.

   b. Lack of Intent to Extort.

      i. Evidence shows Diaz-Colon lacked personal intent, merely relaying information without personal stake.
      ii. In <u>United States v. Sturm</u>, 870 F.2d 769, 773 (1st Cir. 1989), personal claim of right is essential, absent in Diaz-Colon's case.

   c. Failure to Prove Inducement by Fear.

      i. Government did not establish Diaz-Colon induced reasonable fear according to the statutory requirements.
      ii. The Hobbs Act requires proven fear of economic harm.
      iii. Testimony suggesting theoretical, not reasonable, fear undercuts the substantive fear argument.
      iv. See <u>United States v. Cruz-Arroyo</u>, 461 F.3d 69, 74-75 (1st Cir. 2006).

   d. Misinterpretation of Legal Precedents.

      **i.** The Government misinterprets <u>Sekhar v. United States,</u> 570 U.S. 729 (2013) regarding property required to be transferable for extortion claims.
      **ii.** Government contract renewals do not qualify as transferrable property, leaning against precedent.
      **iii.** Moreover, contracts aren't personal property subject to extortion.

**2) Count Two: Insufficient Evidence for Extortion by Interstate Communication**

  **a.** Lack of True Threat

      **i.** Telegram message sent on 6/20/19 does not constitute a 'true threat' falling under protected First Amendment political speech.
      **ii.** The Government's argument neglects the required subjective intent for a threat per <u>Elonis v. United States,</u> 575 U.S. 723 (2015) and <u>Counterman v. Colorado,</u> 600 U.S. 66 (2023).

  **b.** No Demand for Money/Property in Communication.

      **i.** 18 U.S.C. § 875(d) necessitates the communication to contain specific demands.
      **ii.** The evidence fails this criterion, not indicating explicit demands.

**3) Count Three: Destruction of Records in Federal Investigation.**

  **a.** Lack of Evidence.

      **i.** Evidence shows cooperation with FBI, not destruction, refuting intent claims under <u>United States v. Kernell,</u> 667 F.3d 746, 756-57 (6th Cir. 2012).

  **b.** No Intent to Obstruct
      **i.** The logical inconsistency of destroying messages while cooperating with FBI indicates no intent to obstruct, following <u>United States v. Hunt,</u> 526 F.3d 739, 745 (11th Cir. 2008) standards.

c)  **Sufficiency of Evidence and Permissible Materials.**

   1) The Government's challenge against using materials outside the trial record is incorrect.
   2) Excluded evidence requires consideration for comprehensive review, especially under Federal Rule of Criminal Procedure 33.
   3) Exclusion of evidence critical to defense merits a new trial as justified in United States v. Wallach, 935 F.2d 445, 456 (2d Cir. 1991) and further outlined through legal precedents like Koteakos v. United States, 328 U.S. 750 (1946).

d) **Variance.**

   1) **Prejudicial Variance**

      i. Indictment discrepancy about who benefits from extortion altered the allegations.
      ii. Introduction of personal financial motive prejudiced the defendant, countering Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

   2) **Evidence Prejudice**

      i. Irrelevant, prejudicial evidence about debts inappropriately influenced the jury.
      ii. Failure to give cautionary instructions intensified the impact.

e) **Government Misconduct.**

   1) **False Testimony and Misconduct**

      i. Prosecutorial misconduct claims involve false testimony from key witnesses, unsupported by the Government's argument.
      ii. Evidence shows perjured testimonies crucial to convicting.

   2) **Violations of Brady**

      i. Government's non-compliance with Brady, suppressing material evidence affected the trial outcome.

- **f) Limitations on Cross-Examination**

    1) Unreasonably limiting cross-examinations violated the Confrontation Clause.
    2) Crucial evidence, e.g., recorded conversations, remained inadmissible, extending prejudicial impacts outlined in <u>United States v. Rivera-Donate</u>, 682 F.3d 120, 126 (1st Cir. 2012).

- **g) Jury Instructions**

    1) Improper instructions misled the jury, failing to address non-transferability of contracts, erroneous charges for 'attempt' language, and omitting 'wrongfulness' necessity, contravening fundamental judicial standards like those in <u>Sekhar v. United States</u>.

- **h) Alleged Waivers**

    1) Unraised issues on appeal, constitutionally excusable in exceptional circumstances, emphasize ensuring sufficient evidence for Fair Justice, supported by legal precedents like <u>Jackson v. Virginia</u> and <u>Singleton v. Wulff.</u>

**CONCLUSION**

1) The Court should overturn the conviction or grant a new trial based on outlined prejudices, trial errors, improper evidence exclusion, and legal misinterpretations affecting a fair judicial process.

## C. WHETHER APPELLANT QUALIFIES FOR BAIL ON APPEAL UNDER THE BAIL REFROM ACT.

**1. STANDARD OF REVIEW**

- **a)** The findings of the District Court are to be reviewed under two legal principles:

    1) **Factual Findings:** These are reviewed for clear error.

2) **Mixed Questions of Law and Fact:** These are reviewed de novo (i.e., independently reviewed without deference to the lower court's conclusion).

2. **BAIL ON APPEAL STANDARD.**

   a) **Federal Constitutional Right to Bail Pending Appeal:**

   1) There is no inherent federal constitutional right to bail pending appeal. Bail eligibility for a convicted person pending appeal must be in accordance with the applicable federal statute, specifically 18 U.S.C. § 3143 and related provisions.

   b) **Statutory Provisions Governing Bail:**

   1) Under 18 U.S.C. § 3143(b)(1), a judicial officer must order the detention of a person found guilty of a crime and sentenced to imprisonment pending appeal, unless it is found:

      **i.** By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community.

      **ii.** That the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

   c) **Interpreting "Substantial Question" and Likelihood of Reversal:**

   **1)** The term "substantial question" is not defined precisely within the statute, but generally means a close question or one that could be resolved inversely upon appellate review.
   **2)** Courts have varied in interpreting what constitutes a substantial question, but the key is that it must be a close issue that, if resolved in the appellant's favor, is likely to result in one of the outcomes mentioned in § 3143(b)(1) (i.e., reversal, new trial,

etc.).

### d) Exceptional Reasons under 18 U.S.C. § 3145(c):

1) This provision permits the release of a convicted person detained under section 3143(b)(2) (mandatory detention for crimes of violence) if the judicial officer finds that the conditions of release set forth in § 3143(b)(1) are met and there are exceptional reasons why the person's detention would not be appropriate.

2) The concept of "exceptional reasons" is also not explicitly defined but generally refers to circumstances that are out of the ordinary, uncommon, and not typically associated with the offense or the general situation.

3) Judicial discretion is broad in determining what constitutes exceptional reasons, and this discretion is influenced by the totality of the circumstances surrounding the case.

## 3. DISCUSSION.

### a) Insufficiency of Evidence:

1) The defense contended that the evidence presented at trial was insufficient to support the conviction under the charges. This included arguments that:

   i. The government failed to prove beyond a reasonable doubt that Diaz-Colon committed attempted extortion or aiding and abetting.
   ii. The interactions and communications cited as evidence were politically motivated discussions rather than criminal attempts to extort money.
   iii. There was no substantive action or overt act that met the legal threshold for an attempt to commit the charged offenses.

### b) Government's Misconduct:

1) The defense alleged prosecutorial misconduct, arguing that the

Government manipulated evidence, supported perjured testimony, and withheld critical information that was exculpatory.
   i.   Key recordings were claimed to be inaudible or tampered with, preventing the defense from effectively using the evidence in their favor.
   ii.  Allegations of false testimony before the Grand Jury and misleading the court and jury regarding critical evidence were raised.
   iii. The submission of perjured testimony from Government witnesses was claimed to have tainted the trial process and warranted dismissal of the indictment or a new trial.

c) **Jury Instructions:**

1) The defense argued that the District Court's jury instructions were erroneous and prejudicial. Specific objections included:

   i.   The failure to adequately instruct the jury on the nuances of attempt law, including the necessity of a substantial step beyond mere preparation.
   ii.  Instructions that included "attempt" language in Counts Two and Three, which did not specifically include attempt as part of the statutory provision, potentially confusing the jury.
   iii. Instructions that allowed the jury to consider acts that were not clearly established within the statutory definitions of the charged offenses.

d) **Prejudicial Variance:**

1) The defense argued there was a prejudicial variance between the indictment and the evidence presented at trial.

   i.   Evidence presented during the trial suggested personal debts of Diaz-Colon and a possible intricate conspiracy involving theft and government contracts, which were not clearly outlined in the indictment.
   ii.  The introduction of evidence related to corporate contracts and financial dealings that were not directly related to the

charged attempted extortion distorted the scope of the alleged criminal conduct.

**e) Right to Confrontation:**

**1)** The defense asserted that their Sixth Amendment right to confront witnesses was infringed upon during the trial.

    **i.** Cross-examinations were limited by the Court, particularly on key evidence like recorded conversations and the authenticity of transcripts.
    **ii.** The denial of requests to introduce pertinent evidence further stymied the defense's ability to effectively challenge the Government's case.

**f) Exceptional Reasons for Release:**

**1)** Diaz-Colon outlined several "exceptional reasons" justifying his release on bail pending appeal, including:

    **i.** The non-violent nature of the offense and the absence of any threat to public safety.
    **ii.** Strong family and community ties, reducing the risk of flight.
    **iii.** Health concerns or other personal circumstances that necessitated release.
    **iv.** Legal arguments raising substantial questions that could result in a reversal or new trial, indicating that continued detention would be inappropriate and unjust.

**Conclusion**

1) Given these factors, the defense maintains that Diaz-Colon meets the legal standards and criteria for bail on appeal and respectfully requests that the Court overturn the District Court's denial of bail, granting him release pending appeal under the previously established or any other appropriate conditions.

## CONCLUSION

**WHEREFORE**, based on all the aforementioned reasons, Diaz-Colon submits that the Court should immediately grant him bail on appeal, subject to any and all of the proposed conditions or any other conditions it deems appropriate, expedite its decision and decide the appeal as soon as possible, but no later than August, 2024.

**RESPECTFULLY SUBMITTED**.

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that a copy of the above has been notified to all parties in the attached Service List through their correspondent method.

In San Juan, Puerto Rico, this 3rd day of July 2024.

*S/ Rafael F. Castro Lang*
**RAFAEL F. CASTRO LANG**
**Federal Circuit Bar #26074**
Attorney for Appellant
P.O. Box 9023222
San Juan, P.R. 00902-3222
Tel:(787)723-3672 / (787)723-1809
Email: rafacastrolang@gmail.com;
rafacastrolanglaw@gmail.com

# Service List for Case: 24-1409 US v. Diaz-Colon

| Contact Info | Case Number/s | Service Preference | ECF Filing Status |
|---|---|---|---|
| Nicole M. Argentieri<br>US Dept of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC 20530-0001 | 24-1409 | US Mail | |
| Mariana E. Bauza Almonte<br>US Attorney's Office<br>350 Carlos Chardon Ave<br>Torre Chardon, Ste 1201<br>San Juan, PR 00918-0000<br>Email: mariana.e.bauza@usdoj.gov | 24-1409 | Email | Active |
| Rafael F. Castro Lang<br>Rafael F.Castro Lang Law Office<br>PO Box 9023222<br>San Juan, PR 00902-3222<br>Email: rafacastrolang@gmail.com | 24-1409 | Email | Active |
| Sixto Jorge Diaz-Colon<br>FPC Pensacola<br>PO Box 3949<br>Pensacola, FL 32516 | 24-1409 | US Mail | |
| Myriam Yvette Fernandez-Gonzalez<br>US Attorney's Office<br>350 Carlos Chardon Ave<br>Torre Chardon, Ste 1201<br>San Juan, PR 00918-0000<br>Email: myriam.y.fernandez@usdoj.gov | 24-1409 | Email | Active |
| Timothy R. Henwood<br>US Attorney's Office<br>350 Carlos Chardon Ave<br>Torre Chardon, Ste 1201<br>San Juan, PR 00918-0000<br>Email: timothy.henwood@usdoj.gov | 24-1409 | Email | Active |
| Lisa H. Miller<br>US Dept of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC 20530-0001 | 24-1409 | US Mail | |
| John Alexander Romano<br>US Dept of Justice<br>Criminal Division<br>Ste 1264<br>950 Pennsylvania Ave NW | 24-1409 | Email | Active |

| Contact Info | Case Number/s | Service Preference | ECF Filing Status |
|---|---|---|---|
| Washington, DC 20530-0001<br>Email: John-Alex.Romano@usdoj.gov | | | |
| Oscar Jose Serrano Negron<br>Ste 1401<br>53 Palmeras St<br>San Juan, PR 00901-0000<br>Email: ojserrano@hotmail.com | 24-1409 | US Mail | |